IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTINA STOKES, on behalf of Plaintiff and a class, | ) ) ) |
| Plaintiff, | ) 1:21cv03561 ) Judge Kendall |
| vs. | ) ) |
| GRANT & WEBER INC., | ) ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND ACTION TO STATE COURT**

**I.   A CASE IN WHICH NEITHER PARTY ARGUES THAT FEDERAL JURISDICTION EXISTS DOES NOT BELONG IN FEDERAL COURT**

Defendant's response to Plaintiff's motion to remand does not take the affirmative position that federal jurisdiction exists. Defendant's removal petition stated that the Eleventh Circuit had held that there was federal jurisdiction over a similar case, *Hunstein v. Preferred Collection Management Services, Inc.*, 994 F.3d 1341 (11th Cir. 2021), but that Defendant disagrees and believes that the Seventh Circuit and Supreme Court would hold otherwise. Defendant's response to the motion to remand reiterates that it does not think federal jurisdiction exists: "Defendant invites this Court to distinguish *Hunstein* and hold that plaintiff's claim does not give rise to Article III standing in the Northern District of Illinois per the multiple Seventh Circuit cases cited in defendant's removal petition." (Response, ¶6)

Thus, Defendant denies the existence of federal jurisdiction, even though as the party invoking federal jurisdiction, Defendant is obligated to allege facts showing its existence. Plaintiff did not choose to assert that federal jurisdiction exists either, electing to file in state court. A case in which neither party asserts that federal jurisdiction exists has no business in federal court.

-1-

## II. DEFENDANT'S ARGUMENTS LACK MERIT

Instead of explaining why federal jurisdiction exists, Defendant states:

1. Plaintiff's complaint, Exhibit A to DE#1, paragraphs 26-28, alleges that a "debtor may well be harmed" by a debt collector's communication of a debtor's private information to a letter vendor.

2. Plaintiff's motion to remand, DE#8, paragraph 6, appears to take the contrary position that plaintiff here was not harmed by any alleged conduct of the defendant.

3. If so, plaintiff's position should be treated as an admission (and a record made of it) so that plaintiff is not allowed to deny injury or harm in one court, only to later assert it in another. See *Thornley v. Clearview AI, Inc.,* 984 F.3d 1241, 1248 (7th Cir. 2021) ("…if the plaintiffs change their tune in the state court, [defendant] will be able to attempt to remove again to a federal court…" citing 28 U.S.C. § 1446(b)(3), (c)).

4. If not, plaintiff should be required to take a position as to whether she was harmed or not, rather than dance around the issue.

There is no inconsistency. Conduct may be prohibited by statute because it poses a risk of harm, i.e., a "debtor may well be harmed". That does not mean that Plaintiff has already been harmed, which appears to be required for subject matter jurisdiction over an action seeking FDCPA statutory damages by the Seventh Circuit's most recent decisions.

Defendant then states (Response, ¶8) that "contrary to what is argued in plaintiff's motion, DE#8 at paragraph 4, it is wholly irrelevant what defendant believes regarding plaintiff's Article III standing. No action of the parties can confer subject matter jurisdiction in a federal court." Defendant cites *Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 702 (1982). The cited case actually states:

> Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, *California v. LaRue,* 409 U.S. 109 (1972), principles of estoppel do not apply, *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17-18 (1951), and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings. Similarly, a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own

motion. "[The] rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception, which requires this court, of its own motion, to deny its jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record." *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884).

Defendant's argument is highly misleading. *Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 702 (1982), holds that the parties cannot *confer* federal jurisdiction by agreement, waiver, or estoppel. However, they certainly can agree to the opposite. The Plaintiff can file in state court, as she did in this case. If the Defendant does not believe that Article III is satisfied, or does not wish to argue in favor of federal jurisdiction, it can simply leave the case in state court. Nothing requires or permits Defendant to file a removal petition even though it does not believe that federal jurisdiction exists. Doubts as to federal jurisdiction are to be resolved against its exercise. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

### III. DEFENDANT IS IMPROPERLY SEEKING AN ADVISORY OPINION ON THE MERITS

Defendant next asks the Court to issue an advisory opinion on the merits. Defendant cites (Response, ¶7) footnote 6 in *TransUnion v. Ramirez,* 141 S.Ct., 2190 (2021), for the proposition that "disclosures to printing vendors has not necessarily been recognized as an actionable publication".

Not only does this suggest that Defendant improperly filed a removal petition that disclaims federal jurisdiction for the purpose of obtaining an advisory opinion on the merits, but Defendant's argument lacks merit. The *TransUnion* Court was discussing the law of defamation, not the FDCPA. The FDCPA does not use the term "publication," but expressly provides that a debt collector may not "communicate" with any but a limited number of specified persons or entities "in connection with the collection of any debt." 15 U.S.C. §1692c(b). "Communication" is a defined term. 15 U.S.C. §1692a(2). It is defined to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium."

-3-

There is no reason to equate the defined term "communication" and its variants in the FDCPA with "publication" as that term is used in the law of defamation. Initially, "[w]e presume that Congress is aware of the established meaning of legal terms." *United States v. Uriarte,* 975 F.3d 596, 602 (7th Cir. 2020). When Congress decides to **avoid** using a term ("publication") with an established legal meaning and instead creates, defines and uses the statutory term "communicate," that shows that "communication" means something other than "publication." Defendant asks the Court to find that Congress created the definition for nothing.

Second, "any person" in 15 U.S.C. §1692a(2) is an extremely broad term. *Blue Shield of Va. v. McCready*, 457 U.S. 465, 472-73 (1982) ("any person" has a "naturally broad and inclusive meaning").

Finally, some of the "communications" expressly **permitted** in 15 U.S.C. §1692c(b) – and which are therefore within the defined term "communication" in 15 U.S.C. §1692a(2) – are not considered "publications" in the law of defamation. A conveying of information to "the consumer" is clearly not a "publication" within the law of defamation; a "publication" must be to a third person, not the person who is defamed. As indicated in *TransUnion*, certain conveyances of information among principals and agents may not be "publications" within the law of defamation. The FDCPA expressly permits communications involving specified principals and agents – e.g., between a collection agency and "his [the consumer's] attorney, . . . the creditor, the attorney of the creditor, or the attorney of the debt collector." This shows that the basic defined term "communication" covers such "conveying of information," and is therefore significantly broader than "publication."

With almost daily publicity about hacking and data breaches, limiting the number of different entities that acquire personal information in the course of debt collection activities is a perfectly valid Congressional objective. Notably, the FDCPA's statutory findings explicitly identify "invasions of

individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. §1692(a). The FCRA, involved in *TransUnion*, does not contain a prohibition on all disclosures except for limited categories of persons; instead, it authorizes disclosure under a wide range of circumstances, including a person who "has a legitimate business need for the information . . . (i) in connection with a business transaction that is initiated by the consumer . . . ." 15 U.S.C. §1681b.

Defendant also asks that "plaintiff should be required to take a position as to whether she was harmed or not" and suggests that her allegations are not consistent on that issue. (Response, ¶¶1-4) Plaintiff's allegations are not inconsistent – a consumer "may well be harmed" by unauthorized disclosure, but plaintiff simply does not know at this point – without any discovery – what happened to her information. Plaintiff drafted a complaint for Illinois state court, which permits Plaintiff to recover statutory damages without regard to whether Plaintiff was harmed. (Motion to remand, ¶17)

The Court should not require Plaintiff to take any position as to the facts prior to discovery.

**IV.   ATTORNEYS FEES SHOULD BE AWARDED**

With respect to the request for attorneys' fees and costs pursuant to 28 U.S.C. §1447(c), Plaintiff submits that it is not objectively reasonable for a Defendant to file a removal petition stating that the Defendant does not affirmatively contend or believe that federal jurisdiction exists. That is exactly what Defendant did, perhaps hoping that the Court would express an opinion on the merits that might influence the state court.

Nothing requires or entitles Defendant to file a removal petition even though it does not affirmatively contend that federal jurisdiction exists. *Colon v. Dynacast, LLC*, 19cv4561, 2019 U.S. Dist. LEXIS 183527, at *16, 2019 WL 5536834 (N.D. Ill. Oct. 17, 2019), cited by Defendant, holds that a defendant who (1) contends that federal jurisdiction exists and (2) has a reasonable basis for

so contending may remove. Defendant cites no case suggesting that a defendant who contends that subject matter jurisdiction does **not** exist can or should file a removal petition.

Filing such a petition necessarily creates delay and expense, for no legitimate purpose. A party who does such a thing should bear the cost of doing so.

WHEREFORE the reasons stated above and in our motion to remand, Plaintiff requests this Court to remand this matter back to Circuit Court of Cook County, Illinois and to award Plaintiff reasonable attorneys' fees and costs incurred as a result of the removal.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Heather Kolbus
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on July 26, 2021, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon the attorneys of record.

>*/s/ Daniel A. Edelman*
>Daniel A. Edelman